**In re NORTHEAST DAIRY COOPERATIVE FEDERATION, INC., Debtor.**

**Bankruptcy No. 85–00721.**

United States Bankruptcy Court, N.D. New York.

June 7, 1988.

Hancock & Estabrook, Syracuse, N.Y. (Lynn L. Greenky, of counsel), for debtor.

Cohen, Weiss & Simon, New York City (Ann E. O'Shea, of counsel), for Trustees of the Industry & Local 338 Pension Fund.

MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF·LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On December 10, 1987, Northeast Dairy Cooperative Federation, Inc. ("NEDCO") filed an objection to the allowance of the Second Amended Proof of Claim ("Proof of Claim") filed by the Trustees of the Industry and Local 338 Pension and Welfare Funds ("Funds"), as modified by correspondence from the Fund's Counsel, Cohen, Weiss & Simon, Esqs., dated September 3, 1987. A hearing was held before the Court on January 12, 1988 and counsel for the respective parties were given until January 26, 1988 to submit memoranda of law. Such memoranda were thereafter timely filed by both counsel and the matter was submitted for decision on January 26, 1988. Subsequently, due to the absence in the record of necessary correspondence and upon receipt thereof from both parties, the submission date was changed to March 31, 1988.

## FACTS

The facts are not in dispute.

NEDCO filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp. 1988) ("Code") on August 30, 1985. On February 5, 1986, Florida Dairies Inc. ("Florida"), NEDCO's wholly-owned subsidiary, likewise filed a voluntary petition pursuant to Chapter 11 of the Code. In March and April of 1986, the Funds filed identical proofs of claims in the two Chapter 11 cases arising out of both Debtors' withdrawal liability under the applicable provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381 *et seq.* At some point after the original proofs of claim were filed, the Funds filed amended claims in the identical reduced amount of $209,839.50, each pursuant to ERISA § 1405(b). Letter from Stanley M. Berman, Esq. to James J. Canfield, Esq. (Oct. 9, 1987).

The parties are in accord that the withdrawal liability due the Funds as against NEDCO and Florida is joint and several.[1]

The Court confirmed the Plans of Reorganization for NEDCO and Florida on January 23, 1987 and July 22, 1987, respectively. Pursuant to Florida's Plan, a distribution was made to the Funds on or about December 1, 1987 in the sum of $20,983.95, representing approximately ten percent of the total withdrawal liability claim with an additional seven percent distribution anticipated. Thereafter, NEDCO requested that the Funds reduce the claim filed in its Chapter 11 to the sum of $188,855.55, giving NEDCO partial payment credit for Florida's distribution to the Funds. Letter from James J. Canfield, Esq. to Stanley M. Berman, Esq. (Sept. 28, 1987). The Funds refused, citing NEDCO's and Florida's joint and several liability for the already amended claim of $209,839.50. Letter from Stanley M. Berman, Esq. to James J. Canfield, Esq. (Oct. 9, 1987). NEDCO then filed the instant objection to the Fund's Proof of Claim.

## ISSUE

What is the meaning of joint and several liability with respect to the distribution of an ERISA withdrawal liability claim under the reorganization plans of two Chapter 11 debtor corporations, where one is the wholly-owned subsidiary of the other? .

## JURISDICTIONAL STATEMENT

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C.A. §§ 1334(b) and 157(a), (b)(1) and (b)(2)(B) and (O) (West 1979 & Supp. 1988). The following is governed by Rules 9014 and 3007 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") and constitutes findings of fact and conclusions of law under Fed.R.Bankr.P. 7052.

1. *See* ERISA §§ 1301(b)(1), 1341(c), 1362.

## DISCUSSION

NEDCO argues that the Funds must reduce their claim based upon the joint and several liability of Florida and itself by the amount of the distribution previously made by Florida or else the Funds will ultimately recover sixty percent of its allowed unsecured claim (estimated twenty percent from Florida and forty percent from NEDCO) while other unsecured creditors of NEDCO will only receive forty percent of their unsecured claims. NEDCO asserts that to treat the Funds in this different way is a violation of the equal treatment directive of Code § 1123(a)(4).

The Funds state that they have already reduced their withdrawal claim in NEDCO and Florida by fifty percent pursuant to statute and there is no statutory support for the additional reduction sought by NEDCO. The Funds distinguish between the terms "claim" and "debt", contending that the former term is broader than the latter and that while the term debt may control certain provisions of the Code, distribution of the bankruptcy estate is calculated on the basis of the creditor's claim.

Since the liability of Florida and NEDCO is joint and several, the Funds assert the right to collect the entire amount of their claim from NEDCO unaffected by any payments from Florida. The Funds observe that Florida and NEDCO only propose through their respective Plans to pay a percentage of the total claim, which will not equal 100% when added together. Unless and until the Funds can be assured that their claim will be paid in full, they claim that allowing NEDCO to pay a portion of the liability reduced by a prior distribution from Florida permits NEDCO to reduce its own liability to the Funds simply by timing its percentage distribution subsequent to Florida's distribution.

In support of their argument that such manipulation of creditors is violative of the equitable purposes of the Code and acknowledging its factual dissimilarities, the Funds cite *In re Matter of Sherman Plastering Corp.*, 346 F.2d 492 (2d Cir.1965). While supportive of the concept that equity should prevail in any distribution to creditors, *Sherman* is not dispositive of the issues presented to the Court.

Both NEDCO and the Funds provide the Court with their views of joint and several liability. NEDCO maintains that joint and several liability is primarily a theory of contribution between obligors, bearing little relevance to the obligor-obligee relationship presented here between the Debtors and the Funds. "There is one debt, it is payable in whole or in part by either obligor, and payment by one obligor necessarily reduces the debt by the amount of payment [since] [t]he payee is not entitled to double payment." Memorandum In Support Of Objection To Claim Of Industry And Local 338 Pension & Welfare Funds p.3 (Jan. 22, 1988). In response, the Funds state that joint and several liability is each obligor's entire responsibility for damage resulting from concerted conduct and that a plaintiff can seek full satisfaction of the award from any one of the obligors but cannot collect more than the claim. Posthearing Memorandum In Opposition To Debtor's Objection To Allowance Of Claim Of Industry And Local 338 Pension Fund, pp.4–5 (Jan. 25, 1988).

Joint and several liability is a common law concept that has been defined as "when the creditor may sue one or more of the parties to such liability separately, or all of them together at his option." BLACK'S LAW DICTIONARY 751 (5th ed. 1979). The principle of contribution is germane only when the obligation to the creditor is discharged (generally through full payment) and "one who has paid more than his share of a joint obligation [seeks to] . . . recover the excess from those bound with him." 18 Am.Jur.2d Contribution § 31 (1985). *See also id.* at §§ 11,40. Contribution "affects only the relationship of the co-obligors among themselves . . . [and] is not a part of the original claim or tort but is an adjustment between the parties independent of the creditor's claim." 18 Am. Jur.2d Contribution, *supra,* at § 1.

While the joint and several liability establishes that NEDCO and Florida may, through contribution, seek from each other the excess of their proportionate share of

the withdrawal liability, it does not affect the total amount due on the claim. Rather, the joint and several nature of the underlying liability guarantees the full payment of the claim and is a protection for the Funds. NEDCO's attempt to wield the joint and several liability as a weapon against the Funds subverts ERISA's statutory scheme and Congress' purpose behind enacting it. "Joint liability for commonly controlled businesses is a rational means for preventing dispersion of assets used in a common enterprise." *Teamsters Pension Trust Fund v. H.F. Johnson*, 830 F.2d 1009, 1013 (9th Cir.1987) (citation omitted). *Accord Trustees Of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98 (2d Cir.1986); *Amalgamated Ins. Fund v. William B. Kessler, Inc.*, 55 B.R. 735 (S.D.N.Y.1985); *In re Gee & Missler Serv., Inc.*, 62 B.R. 841 (Bankr. E.D.Mich. 1986).

NEDCO's position on joint and several liability misses the mark in that it is directed against the Funds and is premised on the full payment of the Fund's claim of $209,839.50. In actuality, there will never be full payment on the Fund's claim under the two reorganization plans so that NEDCO's use of the theory of contribution can never prevail. The assumption could be made that full payment on the Funds' claim equals the combined expected distribution from each Plan because the Funds, in accepting each Debtor's plan of reorganization (which impaired their claims), relied on receiving the respective distributions and treated the sixty percent return on the total withdrawal liability as "full payment" within the context of the bankruptcies. Indeed, there is nothing in the record to indicate otherwise. However, when NEDCO commenced this contested matter, the Funds had only received one-sixth of their anticipated total distribution and from Florida, not NEDCO. Thus, in any event,

NEDCO's reliance on the theory of contribution is premature and misdirected.

Moreover, the fact that Florida is wholly-owned by NEDCO and the $209,839.50 claim essentially represents the same underlying debt is of no moment at this juncture. NEDCO and Florida chose long ago to file two separate petitions under Chapter 11 and the Court cannot now treat them as one absent their substantive consolidation. *See, e.g., Chemical Bank New York Trust Co. v. Kheel*, 369 F.2d 845, 847 (2d Cir. 1966); *Drabkin v. Midland–Ross Corp. (In re Auto–Train Corp., Inc.)*, 810 F.2d 270, 276–277 (D.C.Cir.1987). In addition, for NEDCO *not* to pay the Funds the same forty percent on their claim that other unsecured creditors in Class Three will be receiving under their Plan would be in violation of Code § 1123(a)(4). *See In re Jersey City Medical Center*, 817 F.2d 1055, 1061 (3d Cir. (quoting *In re Acequia, Inc.*, 787 F.2d 1352, 1353 (9th Cir.1986)); *In re Monroe Well Service, Inc.*, 80 B.R. 324, 336 (Bankr. E.D.Pa.1987).

Furthermore, the Court finds that neither the Code nor ERISA authorize further reduction of the Fund's claim.[2]

To conclude otherwise would be inequitable. "[T]he bankruptcy court in passing on allowance of claims sits as a court of equity ... [and] in the exercise of its equitable jurisdiction ... has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." *Pepper v. Litton*, 308 U.S. 295, 308, 60 S.Ct. 238, 246, 84 L.Ed. 281 (1939).

Accordingly,

IT IS HEREBY ORDERED

That NEDCO's motion to disallow a portion of the Fund's claim based upon a prior

---

2. The Court is somewhat puzzled by the Fund's argument that pro rata distribution of the bankruptcy estate is to be calculated on the broader term of "claim", rather than the term "debt". *For the purposes of this discrete contested matter, which is an objection to the allowed amount of a claim for plan distribution, there is no issue that the amount of the claim controls. See* Code § 502; Fed.R.Bankr.P. 3007. The term "debt", defined as "liability on a claim", Code § 101(11), is relevant insofar as the Fund's claim is based on the joint and several withdrawal liability of NEDCO and Florida, as mandated by § 1362 of ERISA–a point agreed upon by both parties.

distribution by Florida, its wholly-owned subsidiary, is denied.